Mr. Bill Sadler Managing Editor KARK-TV, Channel 4 201 West Third Little Rock, AR 72201
Dear Mr. Sadler:
This is in response to your request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA") which provides, under A.C.A. § 25-19-105(c)(3)(B) (Supp. 1995), for the Attorney General's review of the custodian's decision with respect to the public inspection of personnel or evaluation records. Your request pertains specifically to an internal investigation conducted by the Arkansas Department of Correction ("Department") in connection with alleged incidents of abuse involving Department employee Kevin Murphy. You have requested access to all documents generated internally or from outside agencies relating to such incidents of alleged abuse. The Department has denied your FOIA request, stating that the documents constitute "performance evaluation documents" that did not result in suspension or termination.[1] Letter from Larry B. Norris to Bill Sadler (April 11, 1996).
The FOIA does not define "employee evaluation or job performance records." Nor do we have the benefit of a definition developed through case law authority. While it is my opinion that the primary intent of A.C.A. § 25-19-105(c)(1) is to preserve confidentiality of the formal job evaluation process in order to promote honest exchanges in the employee/employer relationship, this office has previously opined that ancillary documentation may also be protected. We have said, for example, that in the absence of a definition, the term "job performance record" may reasonably be construed as referring to a record which details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See, e.g., Op. Att'y Gen. 92-310. See also J. Watkins, The Arkansas Freedom ofInformation Act 205-206, nn. 321 and 322 (2d ed. 1994) (citing Attorney General opinions wherein definition is applied). Specifically, "job performance records" has been interpreted to include incident reports and records of investigations into alleged employee misconduct. See, e.g.,
Ops. Att'y Gen. 93-076, 92-319, 92-247 and 92-207. Supporting documents such as supervisors' memos and incident reports have also been deemed to fall within the exemption under § 25-19-105(c)(1) for "evaluation" records. Ops. Att'y Gen. 92-089 and 93-076.
Not having viewed the actual records at issue in this case, I cannot specifically determine whether the Department has properly cited §25-19-105(c)(1), supra n. 1, in denying your FOIA request. There is support for the conclusion that the exemption for "evaluation or job performance records" applies to prevent disclosure if in fact the records were created as part of an inquiry into or investigation of the employee's performance with regard to a specific incident or incidents.See generally Op. Att'y Gen. 96-033. As I noted in Opinion 96-033 (copy enclosed), a previously prepared document which is not otherwise exempt cannot be transformed into a job performance record by a supervisor's later acts in conducting an investigation or preparing an evaluation.Id. at 3. But where the record was created for evaluation purposes and used by the employer in reviewing the employee's performance, the exemption will in all likelihood apply.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] In accordance with Section 25-19-105(c)(1), "all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."